The State v. Jean Defesse and C. Benoit, Surety.

---

### THE STATE v. JEAN DEFESSE & C. BENOIT, Surety.

Where a bond has been forfeited on account of the non-appearance of the prisoner, a subsequent arrest and release on bond does not absolve his first surety until his *final* trial.

APPEAL from the Second Judicial District Court, Parish of Jefferson, *Cazabat, J. T. J. & W. H. Cooley,* for defendant Benoit. *Hon. Andrew S. Herron, Attorney General,* for the State.

LABAUVE, J. Jean Defesse, being accused of larceny, furnished a bond with C. Benoit his surety in solido, in the sum of one thousand dollars, conditioned that he shall personally be and appear before the Second Judicial District Court to be held at the Court House, in the city of Carrollton, on Monday, the 29th day of February, A. D. 1864, or, if said Court should not be held on the day last aforesaid, then on the first day thereafter the said Court shall be held, then and there to answer unto a charge brought against him for having committed the crime of larceny . . . . . . . and shall not depart thence without the leave of the said Court, until the final trial and conviction, or acquittal, of the said Jean Defesse." This bond was executed on the 27th February, 1864.

At May term, 1864, of the District Court, the accused, Defesse, was called upon for trial, and not appearing, nor Benoit, his surety, the bond was declared forfeited, and judgment rendered in solido, against principal and surety, for the amount of the bond.

Subsequently, Defesse having been arrested, tried and convicted by the jury. He was in jail, a new trial was granted to him, and he allowed to give a new bond with another surety for his appearance, and executed this bond accordingly. On the 21st July, 1865, Carrambat Benoit, the surety on the bond forfeited, obtained a rule on the District Attorney to show cause why the judgment heretofore rendered by the District Court, in May 1864, against Defesse and Benoit, on the bond for $1000, should not be declared satisfied, and defendant, Carrambat Benoit, be fully and finally discharged from the liability on account of said bond and judgment, on the grounds that, since the judgment of forfeiture, the said Jean Defesse had appeared before the Court, and had been tried and convicted of the offence; that said Jean Defesse is now before the Court for another trial granted to him, and at liberty under a new bond with new surety for his appearance, etc.

The District Attorney answered that the bond had been duly forfeited; that the judgment had not been set aside upon the appearance, trial, conviction and punishment of the accused. The District Attorney admits, in his answer, that said Defesse was, at a subsequent term of the Court, rearrested, put upon his trial and convicted; that a new trial was granted, and said accused put under a new bond for his appearance and trial; but he denies that the said Defesse and his surety are released.

The District Judge dismissed the rule, and Benoit, the surety, took this appeal.

We are of opinion that the Judge a quô did not err. The record informs us that the accused is now under a new bond for his appearance before the District Court, to answer the charge, his former trial and conviction, before the jury, and set aside by the Court, is not a satisfaction of the bond. The accused has not been *finally* tried and convicted or acquitted. Revised Statutes, p. 170 § 60. We think that this case is similar to those in *The State* v. *Frank Brown et als.*, 13 A. 266; *The State* v. *Julius Schmidt*, 13 A. 267.

It is therefore ordered, adjudged and decreed, that the judgment appealed from be affirmed, with costs.