342 So.2d 863 (1977)
STATE of Louisiana
v.
Irene S. JOHNSON.
No. 58733.
Supreme Court of Louisiana.
February 4, 1977.
PER CURIAM:
The instant case was filed with this Court as an appeal by the State of Louisiana from a judgment of the Nineteenth Judicial District Court setting aside its previous judgment which forfeited an appearance bond. While proceedings involving bond forfeitures are civil in nature, a party seeking judicial review of a lower court judgment must look to the court having appellate jurisdiction of the criminal case. Gennuso v. State, 339 So.2d 335 (La. 1976); State v. Sandoz, 258 La. 297, 246 So.2d 21 (1971); State v. United Bonding Insurance Company, 244 La. 716, 154 So.2d 374 (1963); State v. Shelton, 227 La. 27, 78 So.2d 498 (1955). See Marr's Criminal Jurisprudence, Section 298, at 447 (2nd ed. 1923). Under the Louisiana Constitution of 1974, this Court has appellate jurisdiction in criminal matters when "the defendant has been convicted of a felony or a fine exceeding $500 or imprisonment exceeding six months actually has been imposed" or the defendant has a right of appeal or review as provided by a specific statute. La. Const., art. 5, § 5(D) and (E) (1974). As interpreted by this Court, the State only has a right of appeal to this Court in criminal cases when a law or ordinance has been declared unconstitutional. State v. James, 329 So.2d 713 (La.1976). Since this Court *864 does not have appellate jurisdiction over the instant case, we have considered the State's appeal as an application for supervisory writs.
On November 17, 1973, Irene S. Johnson was arrested and charged with violating La.R.S. 14:98, driving while under the influence of alcoholic beverages. On that same day an Appearance Bond in the amount of five hundred and no/100 dollars ($500.00) was posted by Irene S. Johnson as principal and Midland Insurance Company, represented by Allied Fidelity Corporation, as surety. The obligation on the bond was that the defendant, Irene S. Johnson, would appear to answer the charges on which she was arrested. On January 16, 1974, the defendant, Irene S. Johnson, was arraigned and she pled guilty to the D.W.I. charge. Imposition of sentence was deferred until February 22, 1974. On the day set for sentencing the defendant failed to appear and a bench warrant was issued for her arrest. On July 18, 1974, the judgment of bond forfeiture was signed by Judge John S. Covington, 19th Judicial District Court. The surety then filed a motion to set aside this bond forfeiture. On August 2, 1976, Judge Covington signed an order vacating his previous judgment and setting aside the bond forfeiture. While the trial judge's reasons for judgment do not appear in the record before this Court, statements in briefs by both the State and surety indicate that the ruling was based on his conclusion that the obligation of the surety on the appearance bond ended at the time Ms. Johnson pled guilty and did not continue to the time of sentencing.
The appearance bond involved herein states in pertinent part as follows:
Now; if said Irene S. Johnson, principal, shall well and truly appear in person in and before the Nineteenth Judicial District Court of Louisiana, in the Parish of East Baton Rouge, on the notice day of ___, 19___, there to answer said charge, and there continue from day to day, and from term to term, and not depart thence without leave of Court, then this bond to be null and void, but otherwise it shall remain in full force and complete effect.
The State contends that a reading of Code of Criminal Procedure articles 311 and 330 and the comments thereto, together with the wording of the appearance bond reveals that the bond undertaking is to have effect until the disposition of the case has become final, as long as the Nineteenth Judicial District Court allows defendant to remain free on bond; that the bond obligation is to secure the appearance of defendant before the trial court whenever defendant's presence is demanded; that when the defendant failed to appear for sentencing defendant breached her obligation under the bond; and that the original judgment of the trial court forfeiting the appearance bond was correct and should not have been set aside.
The surety, however, argues that the contractual language of the appearance bond establishes the obligation that the defendant will appear to answer the charge; that "appear to answer the charge" should be interpreted to mean to appear at the time for arraignment, any pre-trial motions and the trial, and to remain until the trial is concluded; that the surety should not be responsible for the accused to appear after conviction or guilty plea unless a post-conviction bond was posted as provided in article 314 of the Code of Criminal Procedure; and that in the instant case since the trial judge did not specifically allow the defendant to remain free on the same bond until date of sentencing nor give the surety an opportunity to determine whether it wished to remain as surety on bond after defendant was convicted, the initial obligation of the surety had been fulfilled and the trial judge correctly set aside the judgment forfeiting the appearance bond.
Article 311 of the Code of Criminal Procedure defines "bail" as "the security given by a person to assure his appearance before the proper court whenever required." (emphasis added) Official Revision Comment (b) to this article indicates the breadth intended to be attributed to this language as follows
*865 "The obligation of the bail undertaking should be stated in the broadest possible terms. Thus, the Texas provision that the defendant is to appear `to answer the accusation brought against him' is broadened to read `whenever required.' This is in conformity with Sec. 61 of the A.L.I. Code of Criminal Procedure. There may be other times, in addition to his appearance at the arraignment, when the defendant's presence may be required."
Article 330 of the Code of Criminal Procedure sets forth the condition of a bail undertaking as follows:
"The condition of the bail undertaking shall be that the defendant will appear at all stages of the proceedings to answer the charge before the court in which he may be prosecuted, will submit himself to the orders and process of the court, and will not leave the state without written permission of the court."
In addition, Official Revision Comment (a) to Article 330 states as follows:
"The condition that the accused will appear at all stages of the proceedings is broad enough to cover all preliminary steps in the proceedings, as well as cover the trial. The additional undertaking that he will submit himself to the orders and process of the court covers the appeal situation if the bond is continued after conviction, pending the appeal. Of course, the amount of the bail may be increased after conviction and pending appeal." (emphasis added)
While the language of articles 311 and 330 are broad and appear to be applicable to the pre-trial and post-conviction situation, the language of the appearance bond itself is not so broadly worded, but rather merely states "to answer said charge." Official revision comment (a) to La.C.Cr.P. art. 330 interprets the language "will appear at all stages of the proceedings to answer the charge before the court" to be only broad enough to cover all preliminary steps in the proceedings as well as the trial. The additional language "will submit himself to the orders and process of the court" was deemed necessary to cover the appeal situation if bond is continued after conviction. Indeed the suggested form for a bail bond issued under article 330, as set forth in Official Revision Comment (c) thereto, contains both the language "will appear at all stages of the proceedings . . . to answer that charge" and the language "will at all times hold himself amenable to the orders and process of the court." In addition, the suggested form adds the language "and, if convicted, will appear for pronouncement of the verdict and sentence."[1] No similar language is included in the appearance bond here at issue.
Further support for the surety's position that its obligation terminated at the time defendant pled guilty is discerned from the fact that there are separate codal provisions on bail before conviction and bail after conviction. Article 312 of the Code of Criminal Procedure merely sets forth the general rule that "a person in custody charged with the commission of an offense is entitled to be admitted to bail before conviction" except certain persons charged with capital offenses (as set forth in C.Cr.P. art. 313). However, article 314 of the Code of Criminal Procedure provides with respect to bail after conviction that "a convicted person shall be remanded to jail to await sentence unless he is released on bail in accordance with this article." (emphasis added)
In the instant case, after being released on bond, defendant appeared before the court, *866 was formally arraigned and pled guilty. A sentencing date was set at that time. Since defendant was convicted of an offense in which the maximum sentence possible was imprisonment for five years or less, La.R.S. 14:98, under the provisions of article 314 of the Code of Criminal Procedure bail "shall be allowable" after conviction and before sentence. However, nothing in the minutes or in the record before this court indicates that defendant was released on the same or any bond pending imposition of sentence.
The language of the appearance bond itself is that the obligation was to ensure that the defendant appear to answer the charge. There is no Indication that the surety agreed to assume any responsibility with respect to post-conviction release.[2] We conclude, therefore, that the surety's obligation was fulfilled when the defendant appeared and pled guilty. The judgment of the trial court setting aside its previous judgment forfeiting the appearance bond was correct.
For the reasons assigned, we have considered this appeal as an application for writs and, finding the arguments to be without merit, deny the application.
NOTES
[1] The suggested form in its entirety reads as follows:

"(defendant) having been arrested for the crime of (designate crime) and having been admitted to bail in the sum of___ dollars (), ($), we (I)___of (place of residence) hereby undertake that the above named ___ will appear at all stages of the proceedings in the ___ court to answer that charge or any related charge, and will at all times hold himself amenable to the orders and process of the court, and, if convicted, will appear for pronouncement of the verdict and sentence, and will not leave the state without written permission of the court; and that if he fails to perform any of these conditions, we (1) will pay to the State of Louisiana (City of___) (Parish of ___) the sum of___ dollars (insert the amount of bail).
[2] An example of language which would indicate that the surety had undertaken such an obligation is that contained in the suggested form for a bail bond under C.Cr.P. art. 330, quoted at footnote 1 supra.