380 So.2d 1365 (1980)
STATE of Louisiana
v.
Kenneth KAERCHER and Thomas Tighe, Defendants, and
Allied Fidelity Insurance Company, Surety.
No. 66678.
Supreme Court of Louisiana.
March 3, 1980.
*1366 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Francis Dugas, Dist. Atty., John J. Erny, Jr., Asst. Dist. Atty., for plaintiff-respondent.
Geoffrey H. Longenecker, James J. O'Connor, New Orleans, for Allied Fidelity Ins. Co., defendant-relator.
PER CURIAM.
The instant case arises out of judgments of bail bond forfeitures which were entered in the district court in criminal proceedings and which the district court, by judgment entered on November 2, 1979, refused to set aside. Allied Fidelity Insurance Company, alleged surety on the bail bonds in this matter, seeks to have the district court judgments reviewed and has filed with this Court a motion to have the record lodged as a direct appeal from the district court judgments. For the reasons assigned below, the surety has no right of appeal to this court. However, this Court does have jurisdiction over the matter and accordingly, the record is ordered filed as an application for writs.
A proceeding to forfeit a bail bond is a civil proceeding arising out of a contract under private signature between a surety for the defendant and the state. Upon default of the conditions of the bail bond, a money judgment may be rendered against the principal and surety in solido in favor of the state. However, while the proceeding is civil in nature, judicial review of a proceeding to forfeit a bond lies to the court having jurisdiction over the criminal case. See State v. Johnson, 342 So.2d 863 (La.1977); Gennuso v. State, 339 So.2d 335 (La.1976); State v. Sandoz, 258 La. 297, 246 So.2d 21 (1971); State v. Kunzler, 248 La. 133, 177 So.2d 112 (1965); State v. United Bonding Insurance Co., 244 La. 716, 154 So.2d 374 (1963). See also Marr's Criminal Jurisprudence, § 298 at 447 (2d ed. 1923). Accordingly, except for those cases where the proper court for review is the district court, see R.S. 13:1896 relative to review of city court convictions, this Court has jurisdiction to review judgments relating to bond forfeitures in criminal proceedings.
Although jurisprudence interpreting the 1921 Constitution gave the state, the defendant and the surety the right to appeal to this Court from judgments relating to bond forfeitures based on the nature of the offense charged in the bill of information or indictment, we do not similarly interpret the provisions of the 1974 Constitution. Under the Louisiana Constitution of 1974, a case is appealable to this Court if "a law or ordinance has been declared unconstitutional," La.Const. Art. 5, § 5(D)(1) (1974), or if "the defendant has been convicted of a felony or a fine exceeding five hundred dollars or imprisonment exceeding six months actually has been imposed." La. Const. Art. 5, § 5(D)(2) (1974). Neither of these provisions authorizes an appeal from judgments relating to bond forfeitures. Although it speaks in terms of "a case," La. Const. Art. 5, § 5(D)(2) (1974) only permits appeals by defendants from felony convictions and from fines and sentences imposed. *1367 Cf. State v. James, 329 So.2d 713 (La.1976). Since they do not directly involve either conviction or sentence, judgments by lower courts either refusing to forfeit or forfeiting bonds in criminal proceedings, regardless of whether the matter relates to pre-conviction or post-conviction actions, are not included in the right of appeal. Thus, parties seeking review of judgments relating to bond forfeiture, whether the state,[1] the defendant, or the surety, do not have a right of appeal, but must file with this Court an application for writs of certiorari or review. See La.Const. Art. 5, § 5(E) (1974).
For the reasons assigned, the record in the above entitled matter is ordered filed with this Court as an application for writs. See La.Sup.Ct. Rules, Rule 1, § 11. Unless a motion for extension of time is filed and granted, relator Allied Fidelity Insurance Company is given fifteen days from the date of this opinion to file any brief or memorandum of law in support of its application for writs.
NOTES
[1] For a previous treatment of the state's right to appeal or seek review of judgments relating to bond forfeitures, see State v. Johnson, 342 So.2d 863 (La.1977).