CALOGERO, Justice.*
This, matter involves the forfeiture of three $40,000.00 appearance bonds posted on behalf of defendants, Steven Lukefahr, Joseph Trotta, and Gregory Falcone by the Roger Williams Insurance Company of Newport Beach, California. We granted writs upon application of Roger Williams Insurance Company complaining that the judgment of bond forfeiture of January 15, 1979 was illegal, as not in conformity with the controlling statute, R.S. 15:85 A(l), and that the trial court erred in refusing to set the judgment aside.
Defendants Lukefahr, Trotta, and Fal-cone had been convicted of possession of marijuana with intent to distribute and were out on bond pending appeal of their convictions to this Court. On January 5, 1979, prompted by knowledge that a brother of one of these defendants, one Thomas Lukefahr had failed to appear in the district court after his conviction had been affirmed in this Court (see State v. Lukefahr, 363 So.2d 661 (La.1978)) and also responding to the fact that suit had been filed in East Baton Rouge Parish to deny the Roger Williams Insurance Company the right to write bonds in this state and that judgment in such suit had been rendered against the Roger Williams Insurance Company in the East Baton Rouge district court, the trial court recalled on its own motion the earlier order setting bond.
The trial judge ordered defendants Luke-fahr, Trotta, and Falcone to appear before his court on January 15, 1979 “for the purpose of executing bond in a sum in excess of the amount now in existence to be fixed by the court, or alternately, for the purpose of being remanded to the parish jail pending final disposition of their appeal.” He ordered that “attorney for defendants and the bondsmen be notified and that in default of their appearance on January 15, 1979, that present bonds be forfeited and fugitive warrants be issued.”
The record indicates that on January 5, 1979, the clerk of court by regular mail sent a letter notifying the attorney of record of the January 5, 1979 court order (re January 15, 1979 appearance) and enclosing a copy of an extract from the minutes of January 5, 1979. A similar letter was sent to Roger Williams Insurance Company through Pat Horrigan Bonding Company of New Orleans.
On January 15, 1979, attorney Ferdinand Kleppner appeared on behalf of his clients Lukefahr, Trotta, and Falcone. Absent from court on that occasion were the three defendants and any representative of the surety Roger Williams Insurance Company. Attorney Kleppner filed a motion to quash, vacate and rescind the court’s order of January 5, 1979. The trial judge on January 15, 1979 denied that motion, ordered the bonds forfeited and rendered a judgment to that effect because of defendants’ failure to appear on that date. He also issued fugitive warrants. Notice of judgment together with certified copies of the judgment of bond forfeiture were sent certified, return receipt requested, to the lawyers of record for the defendants and to Roger Williams Insurance Company in Newport Beach, California and to Pat Horrigan Bonding Company of New Orleans.
On January 16, 1979, attorney Kleppner acting on behalf of the three defendants notified the court of defendants’ intent to seek writs in this Court and was given ten days in which to do so. He timely filed an application in this Court complaining that the trial judge committed reversible error when on January 5, 1979, he issued the order recalling the bond originally set for defendants for the avowed and stated purpose of either ■ increasing it or remanding defendants to jail. He also contended in his *414 assignment of error that denial of the motion to quash was reversible error.[1] This Court denied that application filed on behalf of the three named defendants, on January 30, 1979. State v. Lukefahr, Trotta, and Falcone, La., 367 So.2d 380, writ den. 1979.
On February 9, 1979, present relator Roger Williams Insurance Company represented by attorney John Cosentino filed a motion to set aside the bond forfeiture urging in his assignment of error that “the trial judge committed reversible error when he issued the order recalling the bond originally set for defendants due to their non-appearance, which order is in clear violation of Article 834 of the Louisiana Code of Criminal Procedure.[2] Article 834 provides that a defendant has a right to be present but his presence is not essential to the validity of the proceedings in three described situations.
The trial judge set the rule for February 26, 1979, and on that date denied the relief sought, refusing to set aside the bond forfeiture judgment.
On March 23, 1979, Roger Williams filed a motion for time to seek writs and the trial court gave them until April 8, 1979. That application was timely filed and given No. 64,395 on our docket. On May 21,1979, this Court denied writs. See State v. Lukefahr, et al, 371 So.2d 266. Then on July 17, 1979, Roger Williams, represented by different attorneys, filed several pleadings in the district court: motion to enroll as counsel; motion to set aside bond forfeiture (to which was attached an order for setting the rule) for reasons which included an attack upon the adequacy of notice to surety to appear on January 15, 1979; and failure to specifically comply with R.S. 15:85A(1). The trial judge allowed enrollment of counsel, refused to set the rule, and summarily denied the motion to set aside the bond forfeiture for the reason that “defendant has already held (sic) a hearing based on the same allegations. The relief was denied and the Supreme Court denied writs.”
Counsel on the same date, July 17, 1979, filed a motion for an appeal which the trial judge denied on the grounds that it was untimely. Counsel also filed for time in which to seek writs in this Court and the trial judge gave him thirty days in which to do so. Counsel filed the application for writs in this Court on the same day, July 17, 1979. The writ was numbered No. 65,179 on our docket and we granted writs on September 18, 1979. The case was docketed, briefed, and argued.
We now conclude that this writ was improvidently granted inasmuch as at the time of the application arid writ grant the matter at issue, relator’s right to have the judgment of bond forfeiture set aside, had been finally litigated and concluded favorably to the state and unfavorably to Roger Williams Insurance Company.
Relief to a surety from bond forfeiture is available by writ under our supervisory jurisdiction. See Kaercher v. Tighe, La., 380 So.2d 1365, per curiam opinion handed down this very day March 3, 1980.[3] Relator in fact sought writs on March 23, 1979, only twenty-seven days after the trial court’s judgment refusing to set aside the *415 bond forfeiture.[4] Therefore the issue concerning whether the judgment of bond forfeiture was improper was decided in our earlier writ denial on May 21, 1979, and the issue was finally litigated at that time.
It could be argued that the judgment was not enforceable (collectible) on May 22,1979 because under the provisions of R.S. 15:85B in effect at the time, the judgment was subject to being set aside upon the surrender or appearance of the defendant at any time within six months[5] after rendition of the judgment forfeiting the appearance bond.
R.S. 15:85B prior to the 1979 amendment by Acts 1979, No. 786 § 1 provided:
“Any judgment forfeiting an appearance bond rendered under the provisions of this Section shall, at any time within six months after rendition, be set aside upon the surrender or the appearance and trial and conviction or acquittal of the defendant, or upon a continuance granted upon motion of the district attorney after such appearance.”
Even assuming that our supervisory jurisdiction might timely be sought repetitiously within the six months surrender or appearance period (a question we need not here answer)[6] such would be of no comfort to relator because more than six months had expired between the date of the rendition [7] of the judgment of forfeiture on January 15, 1979, and the filing of the writ application on July 17, 1979.
We therefore do not reach the merit of the contention which attracted our attention when we improvidently granted the writ, namely, whether the trial judge fully complied with R.S. 15:85 A(l)[8] and whether the surety was properly served with the notice requiring defendants’ appearance on January 15, 1979.[9]

Decree

For the foregoing reasons the writ is recalled, and the trial court’s judgment of July 17, 1979, denying relator’s motion to set aside bond forfeiture is affirmed.
AFFIRMED.

 Chief Judge PAUL B. LANDRY, Jr. retired, participated in this decision as an Associate Justice Ad Hoc.

. His argument was that such procedure was in violation of C.Cr.P. art. 321, for no good cause was shown.

. It should be noted that attached to the application was a copy of the motion to set aside filed in the district court in which there was the allegation that “no proper notices of the hearing in question were served upon the defendants or upon surety . . . ” a contention which counsel had apparently abandoned, for it was not asserted in the writ application.

.Even had the appropriate relief been by appeal relator’s motion for appeal first filed in the district court on July 17, 1979, would have been too late. State v. Sandoz, 258 La. 297, 246 So.2d 21 (La.1971), (decided prior to enactment of the 1974 Constitution) related in a footnote that the appeal, being in the nature of a civil appeal, was governed by the applicable appeal periods under the Code of Civil Procedure. (At the time of an appeal in the early part of 1979, that time period would have been fifteen days for a suspensive appeal and sixty days for a devolutive appeal. C.Civ.P. arts. 2087, 2123.)

. That application was obviously timely. While it is not entirely clear how long a litigant has to seek relief from a judgment refusing to set aside bond forfeiture, he surely has under our supervisory jurisdiction as much time as he would have had if his right to review were by appeal.

. Today the applicable time period is sixty days as per amendment by Acts 1979, No. 786 § 1.

. It can be argued that while the judgment may not be enforceable because the six months surrender period has yet to run, nonetheless deficiencies in the judgment concerning notice of the hearing and other related issues are separate and independent matters not controlled by the issue of surrender within six months.

. R.S. 15:85 B, as effective at the times in issue here provided for setting aside a judgment of bond forfeiture because of surrender “at any time within six months after rendition.” The same statute today as amended by Acts 1979, No. 786 § 1 effective September 9, 1979, in counterpart language says “within ninety days of the mailing of notice of the forfeiture.”

. R.S. 15:85 A(l) provides in pertinent part:
“ . . . the judge, on motion of the district attorney, upon hearing of proper evidence including service or attempted service upon the defendant and service upon the surety . . . .”

. Although the transcript and minutes do not suggest that at the January 15, 1979 hearing there was offered or introduced into evidence proof of service upon the surety, there does appear in the record a copy of a letter dated January 5, 1979, apparently sent by regular mail, directed to the Roger Williams Insurance Company thru the Pat Horrigan Bonding Company in New Orleans, enclosing certified copy of extract of minutes of January 5, 1979 and notifying that defendants were ordered to appear in court on January 15, 1979.