LEMMON, Justice,
dissenting.
The purpose of R.S. 15:85 is to encourage the surety to obtain the appearance of a defendant who has failed to appear and to do so within a reasonable period of time, while the state’s witnesses are still available and before the state’s evidence loses its value with the passage of time. Accordingly, R.S. 15:85 requires (by the mandatory word “shall”) the setting aside of the bond forfeiture and the return of the surety’s payment if the defendant is surrendered within six months of payment of the bond forfeiture judgment.[1]
When the statutory conditions are met, the bond forfeiture must be set aside, and no discretion is allowed. However, no positive law prohibits the trial judge from setting aside the bond forfeiture if the defendant is surrendered by the surety after the statutory period, but within sufficient time for the state to utilize its evidence and obtain a conviction (as happened in this case).[2]
The majority decision, in effect, tells a surety to give up efforts to locate a missing defendant after six months, no matter how horrible the crime or how plentiful and *92 overwhelming the evidence. In my opinion the decision frustrates the underlying statutory purpose of ultimately bringing a fugitive to justice. If R.S. 15:85 were interpreted to accord the trial court discretion in setting aside bond forfeitures when the defendant is surrendered after the statutory period, then a trial judge could reward a surety whose continued diligence after the statutory period results in a conviction, but could refuse to return the surety’s payment when the defendant’s surrender is too late to be of value. Such an interpretation serves the statutory purpose of encouraging apprehension of fugitives under all circumstances.

. The surety is statutorily entitled to have the bond forfeiture set aside by the very act of effecting a surrender timely. State v. Sandoz, 246 So.2d 21 (1971).

. In the present case the fugitive was apprehended in California, through the efforts of the surety, about 15 months after the judgment forfeiting the bond. He was ultimately tried and convicted.