CALOGERO, Justice,
dissenting.
I dissent because I believe that Allied’s obligation, under the language of the bond, did terminate at the time defendants were convicted and sentenced.
Following the majority’s approach of looking at the bond instrument as a contract, I do not think the language in the bond was intended to bind Allied for post-sentencing release of the defendant. The language of the bond relied on by the majority for holding the bond applicable to post-sentencing release, “will at all times hold himself amenable to the orders and process of the court,” is directly followed by “and, if convicted, will appear for pronouncement of the verdict and sentence .... ” Looking at the order of the phrases, it seems fairly clear that the “orders and process” contemplated were those which precede verdict and sentencing. Additionally, in a contract situation we must look to the intent of the parties at the time the contract was confected, to determine what was meant by the contract. While not controlling on the matter of intention at the time the bond was confected and posted with the state, I deem it of some consequence that the state saw need to place Allied’s agent on the stand to ask him if he had authority to, and would in fact, extend Allied’s bond pending defendants’ appeal. Considering the bond contract and the applicable law, I do not think it was within the contemplation of the parties at the time the contract was entered into that the bond would cover post-sentence release.
Furthermore, while the majority is correct in stating that State v. Johnson, 342 *1175 So.2d 863 (La.1977) held that the language in C.Cr.P. art. 330 was broad enough to cover a release pending appeal, Johnson further provided, “the additional language, ‘will submit himself to the orders and process of the court’ was deemed necessary to cover the appeal situation if bond is continued after conviction.” Johnson did not hold that any bond containing the above language would cover post-conviction release automatically, but only where the bond is continued. In the present case, whether or not the bond was continued was very much in dispute.
Therefore, I believe the issue of whether the agent had the authority to further bind Allied for the defendants’ release pending appeal should be addressed, because unless he did have authority, I do not think the bond covered the post-sentence release of the defendants.