ORDER
 

 MAX N. TOBIAS, JR., Judge.
 

 |2The motion for designation of five-member panel filed by Generio Allen and American Bankers Insurance Company (“ABIC”) on 15 December 2011 has been considered. We considered the five-judge issue before we rendered and issued our original opinion of 23 November 2011.
 

 La. Const, art. V, § 8 B, as amended in 2010, states:
 

 A majority of the judges sitting in a case shall concur to render judgment. However, in civil matters only, when a judgment of a district court or an administrative agency determination in a workers’ compensation claim is to be modified or reversed and one judge dissents, the case shall be reargued before a panel of at least five judges prior to rendition of judgment, and a majority shall concur to render judgment.
 

 Since 1982,
 
 [1]
 
 this court of appeal has consistently and as custom held that review of a judgment or order coming to this court from the Criminal District Court for the Parish of Orleans would only be heard by a three-judge panel and that no five-judge panel would be empaneled when the vote was 2-1 to reverse the trial court regardless of whether the judgment or order sounded in criminal law or civil law. This is consistent -with what the Louisiana Supreme Court held before it became divested of part of its direct criminal appellate jurisdiction by the 1982 constitutional amendment. It is well-settled that while
 
 *1162
 
 an action to forfeit a bail |sbond is a civil proceeding and subject to the rules of civil procedure, it is treated as a criminal proceeding for the purpose of appellate jurisdiction.
 
 State v. Kaereher,
 
 380 So.2d 1365, 1366 (La.1980). It is also settled that an action to annul a judgment of forfeiture is criminal for appellate purposes.
 
 Gennuso v. State,
 
 339 So.2d 335 (La.1976);
 
 State v. Johnson,
 
 342 So.2d 863 (La.1977). Although bail bonds are private contracts they are an integral part of the criminal justice system and all proceedings involving them have been considered merely incidental to the underlying criminal proceedings.
 
 [2]
 

 See
 
 La.C.Cr.P. arts. 311-343;
 
 State v. Armstrong,
 
 364 So.2d 558 (La.1978).
 

 La.C.Cr.P. art. 922 states in pertinent part:
 

 Within fourteen days of rendition of the judgment of the supreme court or any appellate court, in term time or out, a party may apply to the appropriate court for a rehearing ... [a] judgment rendered by the supreme court or other appellate court becomes final when the delay for applying for a rehearing has expired and no application therefor has been made....
 

 See also
 
 La. C.C.P. art. 2166; La. Unif. Rules, Cts. of App., Rule 2-18.2 (both addressing the fourteen-day limitation for an application for rehearing).
 

 The motion of ABIC, which sounds and reads as an application for rehearing before a five-judge panel of this court, is untimely as a matter of law and rule of court. Thus, we find we are currently without jurisdiction to address the motion.
 
 [3]
 

 As stated above, we were aware before we handed down our decision on 23 No
 
 *1163
 
 vember 2011 that the trial court judgment was rendered by the Criminal District Court for the Parish of Orleans to which, under La. Const. V, § 8, no five-judge panel is applicable when one judge of a three-judge court of appeal panel dissents. We noted that the trial court judgment relating to a bail bond forfeiture was civil in nature (La. R.S. 15:83
 
 [4]
 
 ), but that all matters relating to bail bonds are set forth in the Code of Criminal Procedure and its ancillaries (La.C.Cr.P. art. 311,
 
 et
 
 seq.) and in Orleans Parish are heard in the Criminal District Court, not Civil District Court. This irregularity flies in the face of La. Const, art. V, § 32, which states
 

 Except for provisions relating to terms of office as provided elsewhere in this Article, and notwithstanding any other contrary provision of this constitution, the following courts and officers in Orleans Parish are continued, subject to change by law; the civil and criminal district courts; the city, municipal, traffic, and juvenile courts; the clerks of the civil and criminal district courts; the civil and criminal sheriffs; the constables and the clerks of the first and second city courts; the register of conveyances; and the recorder of mortgages.
 

 [sit further conflicts with the provisions of law specifying the jurisdiction of the Civil District Court (La. R.S. 13:1137
 
 [5]
 
 and 13:1140
 
 [6]
 
 ) and Criminal District Court (La. R.S. 13:1336
 
 [7]
 
 ).
 
 See,
 
 La.C.Cr.P. art. 349.5
 
 *1164
 
 C
 
 [8]
 
 ;
 
 see also,
 
 La. Const, art. V, |fi§ 16.
 
 [9]
 

 The court is mindful of the problem. For example, in a juvenile matter from Orleans Parish Juvenile Court, if the court of appeal reviews the
 
 adjudication of
 
 a juvenile as delinquent and the decision is split 2-1 for reversal, no five-judge panel is convened albeit an
 
 adjudication
 
 is civil but the underlying issue is criminal in nature. That is, we read La. Const, art. V, § 8 literally and have determined that a juvenile court is not a district court for purposes of the constitutional provision.
 

 We acknowledge the issue is not presently perfectly clear, but this explanation clarifies the current practice in this court of appeal. (Because of the split jurisdiction between civil and criminal courts in Orleans Parish that will end when the new Forty-First Judicial District Court for the Parish of Orleans comes into existence on 1 January 2015, most problems will disappear.) Of course, the Supreme Court of Louisiana can vacate our decision of 23 November 2011 in this |7case and remand the matter to this court of appeal for consideration by a five-judge panel, assuming that the movers timely (within thirty days) seek writs of review of our 23 November 2011 decision.
 

 Accordingly, it is ordered that the motion of Generio Allen
 
 [10]
 
 and ABIC for designation of a five-member panel is denied.
 

 MOTION FOR DESIGNATION DENIED.
 

 |,AMENDED ORDER
 

 IT IS ORDERED that the order of this court of January 20, 2012 be amended to read as follows:
 

 
 *1165
 
 IT IS ORDERED that the motion of the State of Louisiana to publish this court’s order of January 4, 2012 is granted; the Clerk of this court is directed to cause the order of January 4, 2012 to be published in the same manner as an opinion of this court on an appeal.
 

 [1]
 

 . Prior to 1 July 1982, the courts of appeal had only civil jurisdiction.
 

 [2]
 

 . Stated another way, a proceeding to forfeit a bail bond is a civil proceeding arising out of a contract under private signature between a surety for the accused/defendant and the state. Upon default of the conditions of the bail bond, a money judgment may be rendered against the principal and surety in soli-do in favor of the state. However, while the proceeding is civil in nature, judicial review of a proceeding to forfeit a bond lies to the court having jurisdiction over the criminal case.
 
 See State v. Kaereher,
 
 380 So.2d 1365, 1366 (La.1980);
 
 State v. Johnson,
 
 342 So.2d 863 (La.1977);
 
 Gennuso v. State,
 
 339 So.2d 335 (La.1976).
 
 See also
 
 Marr’s Criminal Jurisprudence, § 298 at 447 (2d ed.1923), Accordingly, except for those cases where the proper court for review is the district court
 
 (see
 
 R.S. 13:1896 relative to review of city court conviction), the Supreme Court had jurisdiction to review judgments relating to bond forfeitures in criminal proceedings.
 

 Although jurisprudence interpreting the 1921 Constitution gave the state, the defendant, and the surety the right to appeal to the Supreme Court from judgments relating to bond forfeitures based on the nature of the offense charged in the bill of information or indictment, the Supreme Court interpreted the provisions of the 1974 Constitution differently. After 31 December 1973, a case was appealable to the Supreme Court if "a law or ordinance has been declared unconstitutional,” La. Const. Art. V, § 5(D)(1), or if "the defendant has been convicted of a felony or a find exceeding five hundred dollars or imprisonment exceeding six months actually has been imposed.” La. Const. Art. V, § 5(D)(2). Neither of these provisions authorizes an appeal from a judgment relating to a bond forfeiture. Although it speaks in terms of "a case,” La. Const. Art. V, § 5(D)(2) only permitted an appeal by a defendant from a felony conviction and from a fine and sentence imposed.
 
 State v. Kaercher,
 
 380 So.2d at 1366-67. Since they do not directly involve either a conviction or sentence, a judgment by lower court either refusing to forfeit or forfeiting a bond in criminal proceedings, regardless of whether the matter relates to a pre-conviction or post-conviction action, is not included in the right of appeal.
 

 [3]
 

 . This is so because if this court through inadvertence issued an opinion that should have been heard by a five-judge panel, but was only heard by a three-judge panel, no final opinion would be have been issued — a result not intended by the court.
 

 [4]
 

 . La. R.S. 15:83 states in pertinent part: "As criminal bail bonds are contractual and civil in nature, their creation and enforcement are governed both by the laws applicable to civil contracts and by the laws set forth in the statutes and code articles governing criminal procedure.”
 

 [5]
 

 . La. R.S. 13:1137 states in pertinent part: "The civil district court for the Parish of Orleans has the same civil jurisdiction as the district courts throughout the state, except as otherwise provided by law.”
 

 [6]
 

 . La. R.S. 13:1140 states in pertinent part:
 

 Pursuant to the authority vested by Sections 16, 18 and 32 of Article V of the Constitution, the civil district court for the parish of Orleans is hereby vested with jurisdiction of certain cases previously under the jurisdiction of the Orleans Parish Family Court, it being the intent of this Section that all facets and cases involving domestic relation problems hereafter shall be filed and heard before a single court, namely, the civil district court for the parish of Orleans which court shall have exclusive original jurisdiction over all cases involving domestic relations problems, more specifically the following, to wit:
 

 (1) Actions for divorce, annulment of marriage, establishment or disavowal of paternity of children, alimony, support of children, custody by habeas corpus or otherwise, visitation rights, and all matters incidental to any of the foregoing proceedings.
 

 (2) The issuance, modification, or dissolution of conservatory writs for the protection of community property.
 

 [7]
 

 .La. R.S. 13:1336 reads as follows:
 

 A. The criminal district court for the Parish of Orleans shall have exclusive jurisdiction of the trial and punishment of all crimes, misdemeanors, and offenses committed within the parish of Orleans if the jurisdiction is not vested by law in some other court.
 

 B. The judges of the criminal district court for the Parish of Orleans shall have power to act as committing magistrates in all felony charges and to hold preliminary examinations, with authority to bail, or discharge, or to hold for trial, in all cases before said court. They also may adopt all necessary rules with respect thereto.
 

 C. (1) Pursuant to the authority vested by Sections 16 and 32 of Article V of the Constitution, the criminal district court for the Parish of Orleans is hereby vested with additional jurisdiction of certain cases previously under the jurisdiction of the civil district court for the Parish of Orleans as provided for in Paragraph (2) of this Subsection.
 

 (2) The criminal district court for the Parish of Orleans shall have exclusive jurisdiction over civil commitment proceedings when the court determines a mentally defective defendant, who is under the jurisdic
 
 *1164
 
 tion of the court on pending criminal charges but is incapable of standing trial, is a danger to himself or others, and is unlikely in the foreseeable future to be capable of standing trial.
 

 [8]
 

 . La.C.Cr.P. art. 349.5 states:
 

 A surety, in an action in nullity or to set aside a bond forfeiture, may cumulate two or more cases that are similarly situated by the facts and legal issues as one cumulative action. The actions cumulated shall be mutually consistent and employ the same form of procedure. The action may be by summary proceedings in the section of the criminal court where those cases are pending, or by an ordinary civil- proceeding when the action is within the jurisdiction of the court and in the proper venue. The surety has the burden of proving that the cumulation of the actions is appropriate and in the interest of justice.
 

 [9]
 

 . La. Const, art. V, § 16 states:
 

 (A) Original Jurisdiction. (1) Except as otherwise authorized by this constitution or except as heretofore or hereafter provided by law for administrative agency determinations in worker's compensation matters, a district court shall have original jurisdiction of all civil and criminal matters. (2) It shall have exclusive original jurisdiction of felony cases and of cases involving title to immovable property, except as provided in (3) below; the right to office or other public position; civil or political right; probate and succession matters; except for administrative agency determination provided for in (1) above, the state, a political corporation, or political subdivisions, or a succession, as a defendant; and the appointment of receivers or liquidators for corporations or partnerships. (3) The legislature may provide by law that a family court has jurisdiction of cases involving title to movable and immovable property when those cases relate to the partition of community property and the settlement of claims arising from matrimonial regimes when such action arises as a result of divorce or annulment of marriage.
 

 (B) Appellate Jurisdiction. A district court shall have appellate jurisdiction as provided by law.
 

 [10]
 

 .We do not find that Mr. Allen is a proper party to this case as to the issue of the forfeiture of the bond. He did not appeal the decision of the trial court and did not intervene, file a brief, or appear as an amicus in the appeal.