PER CURIAM.
 

 11Writ granted. The state appealed the district court’s ruling setting aside two bond forfeiture judgments and a three-judge panel of the court of appeal reversed the district court with one dissent. Thereafter, the court of appeal declined to refer the matter for reargument before a panel of at least five judges. The commercial surety timely sought review from this Court.
 

 La. Const, art. 5, § 8(B) requires that “in civil matters only, when a judgment of a district court or an administrative agency determination in a workers’ compensation claim is to be modified or reversed and one judge dissents, the case shall be reargued before a panel of at least five judges prior to rendition of judgment, and a majority shall concur to render judgment.” In declining to apply this provision, the court of appeal noted that it “has consistently and as custom held that review of a judgment or order coming to this court |2from the Criminal District Court for the Parish of Orleans would only be heard by a three-judge panel and that no five-judge panel would be empaneled when the vote was 2-1 to reverse the trial court regardless of whether the judgment or order sounded in criminal law or civil law.” The panel justified this practice, as applied to the review of bond forfeiture proceedings, with jurisprudence which declared under a markedly different jurisdictional framework that “while [a bond forfeiture] proceeding is civil in nature, judicial review of a proceeding to forfeit a bond lies to the court having jurisdiction over the criminal case.”
 
 State v. Kaercher,
 
 380 So.2d 1365, 1366 (La.1980). The court of appeal erred in doing so. The principle enunciated in
 
 Kaercher
 
 is based on venerable jurisprudence that, while recognizing that bond forfeiture proceedings are intrinsically civil matters, for jurisdictional purposes only they were treated as criminal.
 
 See, e.g., State v. Hendricks,
 
 5 So. 24, 25, 40 La.Ann. 719, 722 (La.1888);
 
 see also State v. Sandoz,
 
 246 So.2d 21, 22 n. 1, 258 La. 297, 301 (1971). In the present case, there is no question of jurisdiction and the cases relied on by the court below provide no authority for failing to follow the mandatory language of La. Const, art. 5,
 
 *1289
 
 § 8(B). The court of appeal further erred in finding that it was without authority to refer the matter to a five-judge panel because the commercial surety did not bring the error to the court’s attention until shortly after the delay to seek rehearing had passed.
 
 See Agrawal v. Rault Club Ten, Inc.,
 
 482 So.2d 184 (La.App. 4 Cir.1986).
 

 Because one judge of the three-judge panel dissented, the court of appeal erred in failing to direct that the case be rear-gued before a [¡¡five-judge panel as required by La. Const, art. 5, § 8(B). Accordingly, the judgment of the court of appeal is vacated, and the case remanded to the court of appeal for reargument before a five-judge panel as required by the state constitution.
 

 CLARK, J., dissents and would deny the writ.