TOBIAS, J.,
dissents and assigns reasons.
| ]This matter was returned to us by the Louisiana Supreme Court to be heard by a five-judge panel, the Court specifically holding, citing La. Const, art. V, § 8(B), that a matter involving a bail bond is civil in nature and can be decided by a trial court having only criminal jurisdiction. State v. Allen, 11-2843 (La.4/13/12), 84 So.3d 1288.[1]
I adhere to our majority opinion originally rendered by this court in this case, State v. Allen, 11-0693 (La.App. 4 Cir. 11/23/11), 78 So.3d 841.
If the case at bar is a civil case, then the majority ignores the definition of a “fortuitous event” as defined by La. C.C. art. 1873, to-wit, “an obligor is not liable for his failure to perform when it is caused by a fortuitous event that makes ^performance impossible,” unless the obligor “assumed the risk of such a fortuitous event.” [Emphasis supplied.]
Revision Comment (c) to La. C.C. art. 1873 states:
As a matter of legal semantics, “impossibility of performance” is the English equivalent of the French “cas for-tuit ou force majeure.” In spite of strenuous doctrinal efforts to distinguish between cas fortuit (fortuitous event) and force majeure (irresistible force), the jurisprudence, in France, Louisiana, and even at common law, uses the two expressions interchangeably. Modern codes have eliminated one or the other *932 of the two expressions ... The expression “fortuitous event” has been chosen for this revision because it implicitly encompasses the companion concept, especially when the event must be such as to make performance impossible, as this Article provides.” [Internal citations omitted.] A “fortuitous event” is defined by the Civil Code as “one that, at the time the contract was made could not have been reasonably foreseen.” La. C.C. art. 1875. “When the entire performance owed by one party has become impossible because of a fortuitous event, the contract is dissolved.” La. C.C. art. 1876. However, an obligor is “not released from his duty to perform under a contract by the mere fact that such performance has been made more difficult or more burdensome by a fortuitous event.” Payne v. Hurwitz, 07-0081, p. 8 (La.App. 1 Cir. 1/16/08), 978 So.2d 1000, 1005. In short, nonperformance of a contract is not excused by a fortuitous event where it may be carried into effect, although not in the manner contemplated by the obligor at the time the contract was entered into. Associated Acquisitions, L.L.C. v. Carbone Properties of Audubon, L.L.C., 07-0120, pp. 7-8 (La.App. 4 Cir. 7/11/07), 962 So.2d 1102,1107.
Further, La. R.S. 15:83(0(2) defines a “fortuitous event,” to-wit, an event where “performance has been made more difficult or more burdensome.” In context, it is clear that section 88(C)(2) references force majeure and not cas fortuit and is only intended to apply to La. R.S. 15:83.
No bona fide evidence exists in this case establishing that any fortuitous event occurred preventing the bail bond company from locating Mr. Allen within the statutory delays allowed for producing him.
|sThis case does not involve force maj-eure. No natural disaster occurred. No act of God prevented the bonding company from producing Mr. Allen. He had not left the country voluntarily or involuntarily making it impossible to locate him.
All that exists is hearsay evidence that performance by the bonding company was more difficult or more burdensome assuming that Mr. Allen had been secreted away by the federal authorities. Assuming the underlying fact to be true that Mr. Allen was placed on the federal tier at the prison, it is equally likely that Mr. Allen could have been placed there through error by the imprisoning authorities or by Mr. Allen telling the prison authorities through prevarication that the federal authorities needed him. No evidence exists that the bonding company ever inquired of the federal authorities whether Mr. Allen was in their custody or under their protection; such a simple statement during the “hearing” would have gone a long way to establishing the efforts that the bonding company made. Even Mr. Allen could have been called to testify about the issue, but he was not.
The majority errs, in my view, by relying exclusively upon hearsay evidence, supposition, and the court taking judicial notice of certain facts relating to the operations of the Orleans Parish sheriff office (a violation of La. C.E. art. 201). That is, assuming that Mr. Allen was in fact placed on the federal tier in the Orleans Parish prison after he was surrendered by the bonding company, how does one know that within the period before he was found by the bonding company that he was in a federal witness protection program and/or in secure federal custody? Mr. Allen was found by the bonding company in Jefferson Parish “free as a bird” after the time delays for the bonding company to locate him lapsed. Precisely how long had he been moving about freely in Jefferson Parish is not shown by any evidence.
*933 In my view, the majority has contorted the minimal facts in this case, which facts are more accurately and completely addressed in our original opinion, to 14reach a result in conflict with the recent amendments to La.C.Cr.P. art. 345 that remove discretion from the trial court in matters relating to the forfeiture of bail. Specifically, La.C.Cr.P. art. 845(1) was amended in 2010 by Acts 2010, No. 914, § 1 (effective 15 August 2010). The 2010 amendment removed and/or severely restricted the trial court’s discretion to extend the applicable time period. Specifically, in article 345(1), the amendment changed the sentence from:
In addition to and notwithstanding any other provision of law, a surety may seek an extension of time to surrender a defendant, or have the judgment of bond forfeiture set aside by filing a motion in the criminal court record and after contradictory hearing with the district attorney and with proof satisfactory to the discretion of the court that a fortuitous event has occurred and that such event has made his performance required under the contract impossible to perform. [Emphasis supplied.]
to:
In addition to and notwithstanding any other provision of law, a surety may seek an extension of time to surrender a defendant, or have the judgment of bond forfeiture set aside by filing a motion in the criminal court of record and after contradictory hearing with the district attorney and with proof satisfactory to the court that a fortuitous event has occurred and that the event has made it impossible to perform as required under the contract.
It is noteworthy that the discretion language was specifically removed. Under the rules of statutory construction, the legislature’s deletion of “to the discretion” indicates an intention on the legislature’s part to change the law in that respect. It is a well-established rule of statutory construction that the legislature is presumed to have enacted a statute in the light of preceding statutes involving the same subject matter and decisions construing such statutes, and, where the new statute is worded differently from the preceding statutes, the legislature is presumed to have intended to change the law. Richard v. Hall, 03-1488, p. 27 (La.4/23/04), 874 So.2d 131, 151, citing New Orleans Rosenbush Claims Serv. Inc. v. City of New Orleans, 94-2223, p. 11 (La.4/10/95), 653 So.2d 538, 544. | .^Accordingly, in my view, it is clear that by removing the discretionary language, the legislature intended to impose an objective standard upon the trial court, rather than a subjective one, in making its determination regarding the occurrence of a fortuitous event and an impossible timely performance.
Thus, the determination as to whether the evidence presented sufficiently establishes that a fortuitous event occurred and that such event made timely performance under the contract impossible is no longer a subjective determination, but rather, an objective one. See State v. Allen, pp. 5-6, 78 So.3d at 844-845.
Because the 2010 amendment is procedural in nature, and no legislative expression to the contrary exists, pursuant to La. C.C. art. 6 and the 1987 revision comments thereto, the amendment is to be applied both prospectively and retroactively. Accordingly, the 2010 amendments to La. C.Cr.P. art. 345 apply to the forfeiture of bonds at issue in the instant case.
I respectfully dissent.

. Interestingly, the Supreme Court has left open a question as to whether a court of appeal retains jurisdiction to address an untimely application for rehearing after the statutory 14-day delay for applying therefor in the court of appeal has lapsed.
That is, in the case at bar, a three-judge panel of this court issued a decision on 23 November 2011, reversing the trial court; one judge dissented. State v. Allen, 11-0693 (La.App. 4 Cir. 11/23/11), 78 So.3d 841. An untimely application for rehearing was filed, and we denied a rehearing because, inter alia, we statutorily lacked jurisdiction to determine the matters addressed in the untimely rehearing application. State v. Allen, 11-0693 (La. App. 4 Cir. 1/4/12), 83 So.3d 1160.
What needs to be determined in the future is whether a decision in a civil case from a district court rendered and issued by a court of appeal reversing a trial court decision from which one judge dissents ever becomes final if the court of appeal fails through error or omission to refer the matter to a five-judge panel. La. Const, art. V § 8(B). By clear implication, the Supreme Court's decision in Allen, because it is silent about the court of appeal being deprived of jurisdiction by virtue of the untimely application for rehearing, has held that a court of appeal decision under such circumstances never becomes final.