LEMMON, Justice.
This matter comes before the court on an application for certiorari filed by the surety on a bail bond issued shortly after defendants’ arrest. We granted the application to review a judgment forfeiting the bond when the defendants, who had appeared for trial and for sentencing, failed to appear for execution of their sentences.
After their arrest the two defendants were released on June 8, 1977 under bail bonds of $100,000 and $75,000 furnished by Allied Fidelity Insurance Company. Because the amount of each bond exceeded the underwriting authority of Wayne Diaz, Allied’s subagent, under his general power of attorney filed with the Commissioner of Insurance, Allied issued a special power of attorney for each bond. The printed form bonds provided in pertinent part as follows:
“We the undersigned principal and surety, hereby undertake that the principal will appear at all stages of the proceedings in the 17th Judicial District Court to answer that charge or any related charge, and will at all times hold himself amenable to the orders and process of the court, and, if convicted, will appear for pronouncement of the verdict and sentence, and will not leave the state without written permission of the court.”
*1173 On January 3, 1978, after the trial court denied their motion to suppress evidence, defendants entered pleas of guilty with a reservation of their right to appeal. The court accepted the guilty pleas and pronounced sentence, defendants having waived the delay in sentencing. The court then granted defendants’ request for release on bail pending appellate review, after Allied’s subagent on the original bond, questioned under oath by the court, asserted that, although he no longer wrote bonds for Allied, he had Allied’s “permission to extend this bond”.
On appeal this court affirmed defendants’ convictions and sentences. When defendants failed to appear on the scheduled date for execution of the sentences, the trial court on the state’s motion rendered judgment forfeiting the bonds. Allied moved to set aside the judgment on the grounds that its liability on the original bond had terminated upon defendants’ convictions and sentences and that the subagent in January, 1978 had no authority to bind Allied on any extension of the original bond that had been issued while he was authorized to act as Allied’s agent.
After a hearing on Allied’s motion the trial court held (1) that a new bond or an extension of the original bond was required upon the convictions and sentences of defendants and (2) that the subagent, with apparent authority to do so for Allied, had extended the original bond in transcribed testimony under oath at the sentencing. Accordingly, the trial court denied Allied’s motion. This court thereafter granted Allied’s application for supervisory writs. 383 So.2d 21.
Bail was primarily designed as a procedure whereby a person, who is merely accused and may never be convicted, may be released from custody with reasonable assurance that he will appear when his appearance is ordered. Prior to trial every person, except one charged with a capital offense, is absolutely entitled to bail. C.Cr.P. art. 312. Such persons are also entitled to bail, either absolutely or within the discretion of the court, after conviction and until final judgment. C.Cr.P. art. 314.
The principal’s obligation to appear when ordered to do so continues until final judgment, and if the principal himself posts bail for his release, that bail continues to assure every required appearance through appearance for execution of sentence. While the Code provides that a surety company or a personal surety may become surety for the release of a person on bail, there are no provisions for the surety’s obligation to terminate prior to the termination of the principal’s obligation.
Moreover, the Code makes no provision for separate undertaking for bail before conviction and bail after conviction. C.Cr.P. 330 prescribes the conditions of the general bail undertaking, with no distinction between pre-conviction and post-conviction bail, as follows:
“The condition of the bail undertaking shall be that the defendant will appear at all stages of the proceedings to answer the charge before the court in which he may be prosecuted, will submit himself to the orders and process of the court, and will not leave the state without written permission of the court. The bail obligation shall run, subject to the provisions of Article 626, in favor of the State of Louisiana, or the city or parish whose ordinance is charged to have been violated, with the proceeds to be disposed of according to law. No error, inaccuracy, or omission in naming the obligee on the bond is a defense to an action thereon.” (Emphasis supplied.)
Official Revision Comment (a) notes that the condition pertaining to appearance to answer the charge is broad enough to cover preliminary proceedings through trial and the condition pertaining to submitting himself to the orders and process of the court “covers the appeal situation if the bond is continued after conviction, pending the appeal”. Thus, the conditions of the bail undertaking mandated by the Code, if included in the bond itself, are sufficient to cover all proceedings through final judgment upon appeal and submission to the trial court for execution of sentence.
*1174 The bail bond contract is one between the state on the one hand and the principal and surety on the other. The extent of each party's undertaking depends on the wording of the contract, and the intention of the parties is interpreted according to the law of contracts.
In State v. Johnson, 342 So.2d 863 (La. 1977) the surety contended that its responsibility terminated after conviction and before sentence. The bond in the Johnson case provided:
“Now; if said Irene S. Johnson, principal, shall well and truly appear in person in and before the Nineteenth Judicial District Court of Louisiana, in the Parish of East Baton Rouge, on the notice day of _, 19_, there to answer said charge, and there continue from day to day, and from term to term, and not depart thence without leave of Court, then this bond to be null and void, but otherwise it shall remain in full force and complete effect.” (Emphasis supplied.)
The court, referring to C.Cr.P. art. 330 and Official Revision Comment (a), held that the bond which merely stated that the principal shall appear “to answer the charge” was only broad enough to cover preliminary proceedings and the trial. The court observed that the “additional language ‘will submit himself to the orders and process of the court’ was deemed necessary to cover the appeal”, and since the bond did not contain the quoted statutory language, the court held the parties intended for the bond to terminate upon trial and not to extend to the period between conviction and sentencing.
The bond in the present case does contain the language “will at all times hold himself amenable to the orders and process of the court”. Accordingly, since this bond contains the language (missing in the Johnson case) necessary to cover the appeal period, we hold that Allied’s obligation did not terminate when defendants were convicted and sentenced.
Since we conclude that Allied’s obligation under the original bond continued until defendants failed to appear for execution of sentence, it was unnecessary for the bond to be extended, and we need not discuss Diaz’s apparent authority for the extension.
The judgment denying Allied Fidelity Insurance Company’s motion to set aside the judgment forfeiting the bonds is affirmed.
AFFIRMED.
CALOGERO, J., dissents and assigns reasons.