BARRY, Judge.
The defendant, Shauna L. Townes, was arrested for prostitution and posted a $2,500.00 commercial surety bond. She pled guilty and was sentenced to thirty days in Parish Prison, suspended, and placed on one year inactive probation with the condition that she pay a $250.00 fine by August 10, 1983. Townes failed to pay the fine, a capias was issued for her arrest, and her bond was forfeited.
A motion to set aside the bond forfeiture was granted and the State filed this writ.
Code of Criminal Procedure Art. 331 defines bail as “the security given by a person to assure his appearance before the proper court whenever required.” Art. 330 provides in part:
The condition of the bail undertaking shall be that the defendant will appear at all stages of the proceedings to answer the charge before the court in which he may be prosecuted, will submit himself to the orders and process of the court, and will not leave the state without written permission of the court.
The Code recognizes bail to insure appearance before trial (Arts. 312 and 313) and after conviction (Art. 314). Art. 314 addresses the situation after conviction but before sentence and after sentence pending “final judgment”, i.e. appeal. The Code does not cover the circumstances here, where the defendant was sentenced and placed on probation, took no appeal, but failed to fulfill a condition of probation. Cases cited by relator deal with situations where the defendant has not been tried or where an appeal is pending and the appeal bond is in question.
The language of this surety bond and the one in State v. Kaercher, 394 So.2d 1172 (La.1980) is almost identical (Kaercher involved an appeal and the surety’s agent’s authority). The Kaercher court said the bonding company had the option of continuing the bond after sentencing — here, the surety never extended its obligation beyond sentencing.
No appeal was taken and the judgment is final. The surety’s obligation on the bond ended with the “final judgment” and its obligation extinguished. The writ is DENIED.