WARD, Judge.
On June 10, 1981 Ethel Bell was arrested in Plaquemines Parish for misdemeanor theft. The next day bond was furnished by Allegheny Mutual Casualty Company as surety. On February 2, 1988, Bell pled guilty as charged, was fined $150.00 and placed on inactive probation. Bell paid the fine on July 28, 1988.
After Bell allegedly violated her probation, a hearing was scheduled and after several continuances, Bell failed to appear for the May 9, 1989 hearing to revoke probation and a judgment of Bond Forfeiture was entered on May 17, 1989. After Allegheny received notice of the judgment, Allegheny moved to set the judgment aside. This appeal arises from the Trial Court’s denial of Allegheny’s motion.
The language of the bond requires Allegheny to pay a certain sum to the Court unless Bell appears in court at any designated time “until the final trial, conviction and executed sentence, or acquittal of the said Ethel Bell ...”. The State contends this obligates Allegheny if Bell fails to appear in Court at any time until the completion the probationary term, of her sentence, and therefore the Trial Court correctly denied Allegheny’s Motion to Rescind Bond Forfeiture.
The bail bond was executed by Allied on a bail bond form provided by the Clerk of Court of Plaquemines Parish. No other commercial surety contract is acceptable in Plaquemines Parish. Before Bell could be released, if she was to have a commercial surety, she and Allied were required to use the form provided.
First, we find the language ambiguous. The phrase “conviction and executed sentence” may easily be interpreted to mean conviction and pronouncement of sentence. Construing the ambiguity against the State, since the agency which prepared the contract was the Parish of Plaque-mines, we hold the bail undertaking ended *1089 at the time sentence was pronounced. C.C. art. 2056.
Additionally, if the bail bond is construed as the State argues it should be construed, then to obtain his or her release any person arrested for a non capital offense must post a bail bond that assures appearance in Court even after sentence and final judgment. Even if this interpretation of the language is correct, we hold the bail undertaking ended at the time of imposition of the sentence because Plaque-mines Parish cannot impose more onerous conditions upon release than those required by statute.
First, the clear import of Louisiana’s statutory scheme is that any person arrested for a non-capital offense has a right to bail.
C.Cr.P. Art. 312 Bail before conviction; general rule
A person in custody charged with the commission of an offense is entitled to be admitted to bail before conviction, except as provided in Article 313. [Capital offenses].
Next, there are certain conditions that must be undertaken by the party before a person who has not yet been convicted may be released on bail.
Art. 330. Condition of the bail undertaking
The condition of the bail undertaking shall be that the defendant will appear at all stages of the proceedings to answer the charge before the court in which he may be prosecuted, will submit himself to the orders and process of the court, and will not leave the state without written permission of the court. The bail obligation shall run, subject to the provisions of Article 626, in favor of the State of Louisiana, or the city or parish whose ordinance is charged to have been violated, with the proceeds to be disposed of according to law. No error, inaccuracy, or omission in naming the obligee in the bond is a defense to an action thereon.
Even after conviction a defendant has a right to bail under some circumstances.
Art. 314. Bad after conviction
A convicted person shall be remanded to jail to await sentence unless he is released on bail in accordance with this Article.
After conviction and before sentence, bail shall be allowed if the maximum sentence which may be imposed is imprisonment for five years or less. Bail may be allowed pending sentence if the maximum sentence which may be imposed is imprisonment exceeding five years, except when the court has reason to believe, based on competent evidence, that the release of the person convicted will pose a danger to any other person or the community.
After sentence and until final judgment, bail shall be allowed if a sentence of five years or less is actually imposed. Bail may be allowed after sentence and until final judgment if the sentence actually imposed exceeds imprisonment for five years, except when the court has reason to believe, based on competent evidence, that the release of the person convicted will pose a danger to any other person or the community.
In those instances above in which bail shall be allowed, the court shall consider whether the release of the person convicted or sentenced will pose a danger to any other person or the community in determining the amount of bail.
After conviction of a capital offense, a defendant shall not be allowed bail. Amended by Acts 1974, Ex.Sess. No. 18, § 1, eff. Jan. 1,1975; Acts 1981, No. 438, § L
These articles merely implement through specificity of procedure the right to bail granted by the Louisiana Constitution. LSA-Const. Art. 1, § 18. The exercise of these rights granted by the Constitution and Statutes cannot be made more onerous by the State through its political subdivision, Plaquemines Parish.
C.Cr.P. Art. 899 gives additional support.
Art. 899. Arrest or summons for violation of probation
A. At any time during probation and suspension of sentence the court may *1090 issue a warrant for the arrest of a defendant for violation of any of the conditions of probation, or may issue a summons to appear to answer to a charge of violation or threatened violation.
The warrant of arrest may be executed by any peace officer and shall direct that the defendant be returned to the custody of the court or to a designated detention facility. The summons shall be personally served upon the defendant.
jfc ⅜! ¡⅝ ⅜ ‡ ⅝
C. The court may grant bail to a defendant who is arrested under this article.
# ⅜ jfs ⅜ ⅜{ ‡
This of course contemplates a later arrest of a defendant after the release by a sentence granting probation, and another bail undertaking by surety. If the State’s argument were followed to its conclusion, an alleged probation violator would be entitled to immediate release, having already posted bond for appearances after final judgment, which would be contrary to the clear intent of C.Cr.P. art. 899.
The State and Allegheny each rely on State v. Kaercher, 394 So.2d 1172 (La.1980). In that case the sole question was whether Allied Fidelity Insurance Company agreed to a bail undertaking for the appearance of a convicted felon after sentence but before final judgment. The Supreme Court did not decide whether as a condition of release a surety must assure the appearance of a person after final judgment, and hence Kaercher is not applicable.
REVERSED.