WILLIAMS, Judge.
This appeal involved a claim for the cancellation of a timeshare agreement and damages allegedly sustained by the plaintiffs, Krishna and Mani Agrawal.
This opinion was originally handed down in error on February 12, 1985, 464 So.2d 951. Because this case should have been referred to a five-judge panel, this court still retains jurisdiction to decide the issues. 1974 La.Const. art. 5 Section 8.
In March of 1983, plaintiffs received a mail solicitation promising a free gift if they attended a promotional presentation by defendants, Rault Club Ten, Inc. (hereinafter Rault) regarding the purchase of a timeshare. Plaintiffs and their two chil *185 dren attended the presentation on March 12,1983. Following a two hour sales pitch, the Agrawals signed a timeshare agreement and a promissory note. They also made a down payment of $1,040.00. Plaintiffs admit that due to time restraints they did not read the agreement before signing; however, upon a later reading of the contract, the plaintiffs discovered that the contract was not a contract of sale, but rather a lease agreement. The Agrawals notified Rault by telephone and by certified mail of their desire to cancel the agreement, but no action was taken by Rault to cancel the lease or return the deposit.
After Rault’s refusal to cancel the agreement, plaintiffs filed the present suit. Defendant was properly served with petition and citation but failed to respond. Plaintiffs’ motion for default was granted and later confirmed. The trial court cancelled the contract, and the plaintiffs were awarded $4,040.00 in damages plus interest and costs. It is from this award that defendants appeal.
When reviewing a default judgment from the lower court it is necessary to determine if the plaintiff successfully proved a prima facie case as set forth in his petition. When using this standard this court finds there are three main points at issue:
1. Whether Louisiana’s Timesharing Act, LSA-R.S. 9:1131.1 et seq. is applicable in the present case;
2. Whether plaintiff proved that defendant, Rault Center Ten, Inc. actually defrauded them or misrepresented to them the agreement they were signing; and
3. Whether the trial court was proper in awarding attorney’s fees and damages for embarrassment.
Plaintiffs’ petition alleges that defendants “have refused to cancel the lease and return the deposit, all in violation of La.R.S. 9:1131.13.” The Louisiana Time-sharing Act was promulgated pursuant to Act 552 of the 1983 Legislature and approved on July 14, 1983. The act provides that a purchaser may cancel a lease timeshare after following certain procedures and while the plaintiffs’ acts were in accord with the requirements of the statute, we find that the statute has no retroactive effect in the present case. Although the statute states that it will be applicable “from and after the effective date ... to existing timeshare interest created prior to the effective date ... ”, it continued “[this Part shall not] ... be construed to impair or affect any act done or right accruing, accrued, or acquired prior to the effective date ...” (emphasis added). It is clear that to apply this statute to an agreement dated March 12, 1983 would impair a contractual obligation accruing before the effective date.
In their original petition plaintiffs allege fraud on the part of Rault Club Ten, Inc. They claim that the salesman misrepresented the “lease agreement” as a “sales contract” and made no oral disclosure of a reversion to Rault after forty years. Additionally, plaintiffs assert that if they had known the true nature of the agreement they would not have made the purchase.
Louisiana Civil Code Article 1847 states in pertinent part:
“Fraud ... is the cause of an error bearing on a material part of the contract, created or continued by artifice, with design to obtain some unjust advantage to the one party or to cause an inconvenience or loss to the other. From which definition are drawn the following rules:
5. It must be caused or continued by artifice, by which is meant either an assertion of what is false, or a suppression of what is true, in relation to [a material part of the contract].
6. The assertion and suppression, mentioned in last preceding rule, means not only an affirmation or negation by words either written or spoken, but any other means calculated to produce a belief of what is false or an ignorance or disbelief of what is true.”
We have no testimony from any representative of Rault to refute or corroborate the plaintiffs’ claim; and we find that *186 the evidence presented by the plaintiffs is insufficient to establish a prima facie case of fraud or deliberate misrepresentation on the part of Rault. Nevertheless, the testimony does indicate that there was an apparent discrepancy between what the Agra-wals believed they were purchasing and what they actually bought; and this testimony is adequate proof to establish error as to motive; an error sufficient to vitiate the contract under the terms of La. Civ. Code art. 1825. We uphold, therefore, the trial court’s decision to invalidate the timeshare agreement, return the $1,040.00 down payment and to cancel the promissory note in the amount of $5,867.00.
While this court finds that there is reason to cancel the agreement, we also find that the plaintiffs are not entitled to attorney’s fees or damages for emotional distress. Accordingly, the trial court’s award of fees and emotional damages is reversed.
For the foregoing reasons the decision of the trial court is affirmed in part and reversed in part.
AFFIRMED IN PART,
REVERSED IN PART.
REDMANN, C.J., dissents in part.