STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-717

<u>REVISED</u>

STATE OF LOUISIANA

VERSUS

DAVID PITTMAN

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 07-2461
HONORABLE GERARD B. WATTIGNY, DISTRICT JUDGE

**********

**MARC T. AMY**
**JUDGE**

**********

Court composed of Judges Jimmie C. Peters, Marc T. Amy, and Billy H. Ezell.

**APPEAL DISMISSED.**
**APPELLANT PERMITTED TO FILE WRIT APPLICATION**
**NO LATER THAN OCTOBER 9, 2015.**

James D. "Buddy" Caldwell
Attorney General
Colin Clark
Assistant Attorney General
Post Office Box 94005
Baton Rouge, LA   70804
(225) 326-6200
COUNSEL FOR DEFENDANT/APPELLANT:
       State of Louisiana

**Seth M. Dornier**
**Attorney at Law**
**351 Saint Ferdinand Street #B**
**Baton Rouge, LA 7 0802**
**(225) 389-6664**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
**David Pittman**

**AMY, Judge.**

Upon the lodging of the record in this case, this court issued a rule for the appellant, the State of Louisiana, to show cause by brief only why the appeal should not be dismissed as having been taken from a non-appealable, interlocutory order. The State filed a brief in response to this court's rule. For the reasons below, we dismiss the appeal and permit the State thirty days to file an application for supervisory review with this court.

The appellee, David Pittman, was convicted pursuant to La.R.S. 40:966 for possession of marijuana with intent to distribute. However, this court reversed the conviction in *State v. Pittman*, 11-952 (La.App. 3 Cir. 3/7/12), 85 So.3d 821. The supreme court denied writs. *State v. Pittman*, 12-656 (La. 4/11/12), 85 So.3d 1233.

On March 7, 2014, Mr. Pittman filed a petition in the Iberia Parish District Court invoking its civil jurisdiction and seeking compensation for wrongful conviction pursuant to La.R.S. 15:572.8. The State responded to the suit by filing the exceptions of lack of subject matter jurisdiction of the civil district court and no cause of action. The State contended that Mr. Pittman's suit could be filed only in the criminal jurisdiction of that court pursuant to La.R.S. 15:572.8(C) (which provides in pertinent part that "[a]ll petitions for compensation as provided in this Section shall be filed in the district court in which the original conviction was obtained").

The trial court granted both exceptions. As to the exception challenging the subject matter jurisdiction of the civil court, the court ordered the transfer of the petition to the criminal jurisdiction of that same district court. As to the exception of no cause of action, the trial court granted Mr. Pittman forty-five days within which to amend his petition to set forth the necessary factual allegations mandated

to be included in the petition in order to present a claim based on La.R.S. 15:572.8. Mr. Pittman filed his amended petition in the criminal docket number on January 12, 2015.

The State then filed a motion seeking the dismissal of Mr. Pittman's claims as untimely. The State argued that since Mr. Pittman's original action was filed in a court of incompetent jurisdiction, prescription was not interrupted, and the time for him to file his claim expired before he filed his amended petition in a court of competent jurisdiction, i.e., the criminal jurisdiction of the Sixteenth Judicial District Court. At the hearing on the motion to dismiss held on May 14, 2015, the trial court denied it.

The State filed a motion for an appeal from the denial of the motion to dismiss on May 21, 2015. The trial court granted the motion for appeal. As noted above, upon the lodging of the record, this court issued the instant rule to show cause.

In the State's brief in response to this court's rule, the State asserts that it has the right to appeal the subject judgment pursuant to La.Code Crim.P. art. 912. Although this provision is in the Louisiana Code of Criminal Procedure, the State contends that it is applicable to this action because the legislature has required petitions for wrongful conviction compensation to be filed in the court of criminal jurisdiction in which the original conviction was obtained. The State argues that although a judgment denying an exception of prescription is not one of the specific rulings expressly rendered appealable by Article 912, that article states that the list is only illustrative, not exclusive. The State also notes that comment (c) of Article 912 states in pertinent part that: "Numerous preliminary rulings are appealable by the state that are not appealable by the defendant, since such decisions end the

case." Thus, since a granting of the State's exception would result in the dismissal of Mr. Pittman's suit, with prejudice, as untimely, the State argues that the trial court's decision denying the exception is appealable by the State.

As noted above, the State's contention that this judgment is appealable is based on the premise that the procedural provisions of the Louisiana Code of Criminal Procedure are applicable to this ruling. Finding no merit in this assertion, we do not discuss whether the judgment would be appealable pursuant to La.Code Crim.P. art. 912.

The State points out that, as originally enacted, the legislature provided that "an application" for wrongful conviction compensation was to be filed in the civil division of the Nineteenth Judicial District Court. This provision, however, was amended by 2007 La. Acts 262, § 1 to provide that "[a]ll petitions for compensation . . . shall be filed in the district court in which the original conviction was obtained." Even if interpreted to indicate that La.R.S. 15:572.8 must be filed in the criminal jurisdiction of the trial court, a finding we need not reach, we do not conclude that the amendment to the wording of the statute requires the result urged by the State.

For example, in *State v. Allen*, 11-2843 (La. 4/13/12), 84 So.3d 1288, *on remand*, 11-693 (La.App. 4 Cir. 8/8/12), 98 So.3d 926, *writ denied*, 12-1995 (La. 4/1/13), 110 So.3d 138, a three-judge panel of the court of appeal had ruled, with one judge dissenting, to reverse the criminal district court's decision on a bond forfeiture judgment. The supreme court found that the appellate court erred in failing to refer this matter to at least a five-judge panel pursuant to the requirement of La.Const. art. 5, § 8(B). Thus, the supreme court stated, "The principle enunciated in [*State v.*] *Kaercher*[, 380 So.2d 1365 (La.1980),] is based on

3

venerable jurisprudence that, while recognizing that bond forfeiture proceedings are intrinsically civil matters, for jurisdictional purposes only they were treated as criminal." *Allen*, 84 So.3d at 1288 (additional citations omitted).

The State has also referred this court to *Burge v. State*, 10-2229 (La. 2/11/11), 54 So.3d 1110, a case involving a claim for wrongful conviction compensation. However, the issue presented there was whether the claimant failed to comply with the service requirements set forth in La.Code Civ.P. art. 1201(C). Finding Article 1201 inapplicable to an action for wrongful conviction compensation, the supreme court observed that: "LSA-R.S. 15:572.8 is *sui generis*, and governs a unique situation." *Id.* at 1113. The supreme court further noted that La.R.S. 15:572.8 sets forth a unique notice procedure and that "the ordinary requirements for service of petition involving claims against the state do not apply to this unique situation." *Id.* at 1114.

However, La.R.S. 15:572.8 sets forth no specific provision for appellate review. Therefore, we find that reference to the general rules regarding appellate review of civil cases is appropriate and that the appealable nature of the ruling rendered in this action must be determined by reference to the applicable rules set forth in the Louisiana Code of Civil Procedure. As the ruling appealed does not decide the merits of this matter, we find that the ruling is interlocutory pursuant to La.Code Civ.P. art. 1841. Further finding no statute that expressly provides for an appeal of this judgment, we conclude that an appeal does not lie in this instance. La.Code Civ.P. art. 2083. Therefore, we hereby dismiss this appeal without prejudice.

However, as requested by the State, we find that in the interest of justice, the State should be afforded the opportunity to obtain review of this ruling by applying

for this court to exercise its supervisory jurisdiction.  Accordingly, we hereby order that the State be permitted to file an application for supervisory writs from this ruling with this court no later than October 9, 2015.

**APPEAL DISMISSED.**

**APPELLANT PERMITTED TO FILE WRIT APPLICATION NO LATER THAN OCTOBER 9, 2015.**